<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY PROPERTY-LIABILITY INSURANCE GUARANTY ASSOCIATION as statutory administrator of the WORKERS COMPENSATION SECURITY FUND,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SPECIALITY RISK SERVICES, LLC; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; and JOHN DOES 1–20,<br><br>　　　　　　Defendants. | Civil Action No. 15-06565 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

　　Pending before the Court is the motion to remand filed by Plaintiff New Jersey Property-Liability Insurance Guaranty Association ("NJPLIGA"). (D.E. No. 12). Also pending before the court is the motion to dismiss filed by Defendants Specialty Risk Services, LLC ("SRS") and Sedgwick Claims Management Services, Inc. ("Sedgwick") (collectively "Defendants"). (D.E. No. 13). The Court has considered the parties' submissions and resolves the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court GRANTS Plaintiff's motion to remand and declines to entertain Defendants' motion to dismiss.

I.      **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

NJPLIGA is a "private, non-profit, unincorporated legal entity" created by New Jersey statute. (D.E. No. 1-1, Complaint ("Compl.") ¶ 1 (citing N.J.S.A. 17:30A-1 *et seq.*)). One of its functions is to manage and administer the Workers' Compensation Security Fund ("WCSF"), which is also a statutory creature. (*Id.*). All insurance carriers engaged in the business of providing workers' compensation insurance in the State of New Jersey must make contributions to the WCSF. N.J.S.A. 34:15-107. In the event that one of the insurers becomes insolvent, NJPLIGA pays the insurer's outstanding claims from the WCSF. N.J.S.A. 34:15-105. Thereafter, NJPLIGA is entitled to recover against the insurer or its liquidation estate, and any recovery is directed back into the WCSF. N.J.S.A. 34:15-111.

Defendant SRS is a limited liability company organized under Delaware law with its principal place of business in Connecticut. (D.E. No. 1-2, Notice of Removal ("Not. of Removal") at 2–3). SRS is wholly owned by Defendant Sedgwick, a corporation organized under Illinois law with its principal place of business in Tennessee. (*Id.* at 3).

On November 19, 2001, SRS contracted with the State of New Jersey to serve as a third-party administrator managing the WCSF claims arising from the insolvency of Reliance Insurance Company. (Compl. ¶ 16). On February 17, 2010, the State transferred "all of [the] rights, duties and obligations" of administering the WCSF to NJPLIGA. (*Id.* ¶ 22). Upon acquiring the right to administer the WCSF, NJPLIGA demanded that SRS surrender "any and all claim files on claims for benefits from the WCSF arising from the Reliance insolvency." (*Id.* ¶ 23). Although SRS complied with the demand, NJPLIGA discovered that "there were significant deficiencies" in the documents maintained by SRS. (*Id.* ¶ 24). Specifically, "in some instances, entire claim files on claims for which the WCSF had expended significant sums[] were missing. Additionally,

. . . SRS failed to gather necessary documentation in support of medical invoice payments to medical providers." (*Id.*).

On July 23, 2015, NJPLIGA filed suit against Defendants in the Superior Court of New Jersey, Law Division, Morris County. (*See* Compl.). The Complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, indemnification, professional negligence, and breach of fiduciary duty claims against SRS. (*See id.*). The Complaint also alleges alter-ego liability, third-party beneficiary liability, and successor liability claims against Sedgwick. (*See id.*).

On September 2, 2015, Defendants removed the suit to the United States District Court for the District of New Jersey. (*See* D.E. No. 1). Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because NJPLIGA is a citizen of New Jersey and Defendants are citizens of Delaware, Connecticut, Illinois, and Tennessee. (Not. of Removal at 2–3). Defendants also state that the amount in controversy exceeds $75,000. (*Id.* at 3).

On September 28, 2015, Plaintiff filed the instant motion to remand. (D.E. No 12). On October 7, 2015, Defendants filed the instant motion to dismiss. (D.E. No. 13). Both motions are now ripe for adjudication.

**II.     DISCUSSION**

    **A.     NJPLIGA's Motion to Remand**

Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed from state court to federal court if the federal court has original subject matter jurisdiction over the action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as diversity jurisdiction. An action can be removed on the basis of diversity jurisdiction only "if there is

3

complete diversity between all named plaintiffs and defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). This "complete diversity" requirement prohibits removal if any plaintiff and any defendant are citizens of the same state. *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). "[C]ourts have recognized that the defendant must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal." *Kimmet v. Mannesmann Dematic Rapistan Sys. Corp.*, No. 00-1247, 2000 WL 822513, at *2 (E.D. Pa. June 26, 2000).

On the instant motion to remand, NJPLIGA argues that Defendants' Notice of Removal is procedurally deficient and that a curative amendment should not be permitted. (D.E. No. 12-1, Brief in Support of Plaintiff's Motion to Remand ("Pl. Mov. Br.") at 4-6). NJPLIGA also argues that the parties are not completely diverse and that the Court therefore lacks subject matter jurisdiction, requiring remand. (*Id.* at 6-9).

A defendant removing a civil case to federal court must provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Third Circuit maintains that:

> detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient the court is provided the facts from which removal jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal.

*USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003) (quoting Charles Alan Wright et al., 14C *Fed. Practice and Procedure* § 3733 (3d ed.)).

NJPLIGA's procedural objection concerns the statement of SRS's citizenship. SRS is a limited liability company. (Compl. ¶ 2). According to the Third Circuit, "the citizenship of an

4

LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Yet, the Notice of Removal does not identify any of SRS's members. Rather, the Notice of Removal alleges that SRS is "organized under the laws of the State of Delaware with its principal place of business . . . [in] Connecticut." (Not. of Removal ¶ 3). These allegations are irrelevant, however, given that, as a limited liability company, SRS's citizenship is dependent on its members.

In opposition, Defendants clarify that SRS is a wholly-owned subsidiary of Sedgwick. (D.E. No. 14, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Def. Opp. Br.") at 1, 5, 6). According to Defendants, the Notice of Removal does include the citizenship of Sedgwick—SRS's sole member—but omits acknowledgment that SRS was 100% owned by Sedgwick. (*Id.* at 7). Defendants concede that they "perhaps should have" stated this explicitly in the Notice of Removal, but they point out that the information was readily accessible to Plaintiff. (*Id.* at 5).

Pursuant to Delaware law—where SRS is organized—being a "wholly-owned" limited liability company does not necessarily imply that it has only one member. *See Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US, LLC*, No. 09-6233, 2011 WL 198033 at *3 (D.N.J. Jan. 20, 2011). Rather, "a limited liability company may have members that are not owners." *Id.* (citing 6 Del.C. §§ 18-301(d), 18-702(a)). Thus, Defendants' argument that Sedgwick is the sole member of SRS does not resolve the question of SRS's membership for the purpose of determining citizenship.

Given that Defendants failed to allege the citizenship of SRS's members, the Notice of Removal is deficient. Defendants contend that they are entitled to amend the Notice of Removal

5

to cure any deficiencies. (Def. Mov. Br. at 7-10). The Court concludes that any amendment to the Notice of Removal would be futile, however, because diversity of citizenship does not exist.

As previously stated, the instant case is purportedly founded on diversity jurisdiction. Accordingly, the case must be remanded if NJPLIGA and Defendants are citizens of the same state. *See Kaufman*, 561 F.3d at 148. Sedgwick is a corporation organized under the laws of Illinois with its principal place of business in Tennessee, (Not. of Removal at 3), and it is therefore a citizen of those two states, *see* 28 U.S.C. § 1332(c)(1). SRS, as a limited liability company, takes on the citizenship of each of its members, *Zambelli*, 592 F.3d at 418, and Sedgwick is SRS's only member, (D.E. No. 14-1 ("Decl. of Kurt Vollert") at 2). The Defendants are therefore citizens of Illinois and Tennessee, and diversity is absent if NJPLIGA is also a citizen of Illinois or Tennessee.

NJPLIGA is a private, non-profit, unincorporated legal entity. N.J.S.A. 17:30A-6; (Not. of Removal at 2; Pl. Mov. Br. at 6). As an unincorporated legal entity, NJPLIGA shares citizenship with each of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members. The state of organization and the principal place of business of an unincorporated association are legally irrelevant." (internal quotation marks omitted)). One of NJPLIGA's members is a citizen of Tennessee, the same state in which Sedgwick holds its principal place of business. (Pl. Mov. Br. at 7). Accordingly, diversity of citizenship is destroyed.

Nevertheless, Defendant argues that NJPLIGA's citizenship should not control, but rather the WCSF who is the real party in interest. (Def. Opp. Br. at 10). According to Defendants, "[a]s merely an administrator of WCSF, suing only on behalf of WCSF, NJPLIGA is considered a nominal [plaintiff], with WCSF as the real party in interest." (*Id.* at 13).

6

But, Defendants did not assert this allegation with respect to citizenship in the Notice of Removal. Indeed, the Notice of Removal erroneously bases diversity jurisdiction upon the location of NJPLIGA's principal office. (Not. of Removal at ¶ 3).

Recall, Defendants "must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal." *Kimmet*, 2000 WL 822513, at *2. Moreover, "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished." *See* Charles Alan Wright et al., 14C *Fed. Practice and Procedure* § 3733. Defendants' allegation that diversity is based upon the WCSF's citizenship, rather than NJPLIGA's citizenship, is not contained within the Complaint or Notice of Removal. Thus, the Court may not consider that basis for removal.

Even if the Court were to consider Defendants' arguments, the Court concludes that Defendants have not met their burden of establishing diversity jurisdiction. To clarify, the Court has doubts as to whether diversity jurisdiction would be proper under Defendants' argument. Again, Defendants contend that NJPLIGA is only a nominal party and the WCSF's citizenship, as the real party in interest, should govern. (Def. Opp. Br. at 10, 13). Defendants claim that NJPLIGA has no actual stake in this litigation because any amount recovered would go to the WCSF. (*Id.* at 12-13). According to Defendants, NJPLIGA is "merely an administrator of WCSF, suing on behalf of WCSF." (*Id.* at 13).

Although Defendants correctly cite the dichotomy of functions between NJPLIGA and the WCSF, statutory language regarding NJPLIGA's functions leads the Court to believe that it is more than merely a nominal party. Indeed, the WCSF remains a separate legal entity. *See* N.J.S.A. 17:30A-2.2(b) ("'[T]he workers' compensation security fund' shall continue to exist as a separate legal entity . . . ."). Moreover, as Defendants cite, all of the money recovered from suits against

7

insolvent insurance companies is returned to the WCSF.  *See* N.J.S.A. 34:15-111.  ("All moneys recovered in any such action or proceedings shall forthwith be placed to the credit of the fund to reimburse the fund to the extent of the moneys so recovered and paid.").

Although the WCSF is reimbursed for money recovered from insolvent insurance companies, NJPLIGA is entitled to seek such recovery.  *See* N.J.S.A. 34:15-111 (The NJPLIGA "shall be entitled to recover the sum of all liabilities of such insolvent carrier assumed by such fund from such carrier, its receiver, liquidator, rehabilitator or trustee in bankruptcy and may prosecute an action or other proceedings therefor").  Similarly, NJPLIGA is also granted statutory authority to use "all of the powers necessary and appropriate for the management and administration of the affairs of, and the payment of valid claims asserted against" the WCSF. N.J.S.A. 17:30A-6.

Thus, the statutory language would appear to confer upon NJPLIGA more than a mere administrative role.  As Plaintiff indicates, NJPLIGA is granted statutory authority to "recover the sum of all liabilities of such insolvent carrier assumed by such fund . . . ."  N.J.S.A. 34:15-111. NJPLIGA may not be entitled to keep any of the money recovered from insurance carriers, but it does have a right to recover those sums, and is granted "*all of the powers necessary and appropriate*" to manage and administer the WCSF.  *See* N.J.S.A. 17:30A-6.

In light of the statutory language, the Court has doubts as to whether the WCSF is the sole party in interest for the purpose of determining diversity jurisdiction.  Given that removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand, the Court concludes that remand is warranted for lack of subject matter jurisdiction.[1]  For this reason, amendment to the Notice of Removal would be futile.

---

[1] Although it is not directly on point, the Court finds *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, *et al.*, 896 F.2d. 674 (2d Cir. 1990), to be very persuasive.  There, a New York corporation sued various

**B.     Defendants' Motion to Dismiss**

Given that remand is warranted for lack of subject matter jurisdiction, the Court need not address Defendants' motion to remand.

### III.    CONCLUSION

For the above reasons, the Court GRANTS NJPLIGA's motion to remand, and declines to entertain Defendants' motion to dismiss.  An appropriate Order accompanies this Opinion.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

insurance guaranty associations, including NJPLIGA. *See id.* at 676.  The Second Circuit held that the district court lacked subject matter jurisdiction given that the plaintiff was a citizen of New York and the unincorporated guaranty associations included members from New York, thus defeating diversity.  *Id.* at 678.  Although the Second Circuit did not consider the nominal party/real party in interest argument raised before the Court, the *Rhulen* holding creates further doubt as to whether diversity jurisdiction truly exists in the instant case.